STEFANIE T. SHARP, ESQ.
Nevada Bar No. 8661
**ROBISON, BELAUSTEGUI, SHARP & LOW**
71 Washington Street
Reno, Nevada 89503
Tel:    775-329-3151
Fax:    775-329-7941
E-mail: ssharp@rbsllaw.com

*Attorneys for William McGrane*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

IN RE:

Case No. BK-N-14-50333-btb

ANTHONY THOMAS and
WENDI THOMAS,

Chapter 7

              Debtors.
_____/

WILLIAM MCGRANE,

Adv. Pro. No. _____

              Plaintiff,

vs.

**COMPLAINT TO DETERMINE
NONDISCHARGEABILITY OF DEBT
(11 U.S.C. §523(a))**

ANTHONY THOMAS,

              Defendant.
_____/

Comes now, Plaintiff William McGrane ("Plaintiff"), by and through his undersigned

attorneys, and for his Complaint against Defendant Anthony Thomas ("Thomas") alleges as

follows:

## I.  JURISDICTION AND INTRODUCTORY MATTERS

1.      On March 4, 2014, Thomas and his wife, Wendi Thomas, filed a Petition under

Chapter 11 of the United States Bankruptcy Code for reorganization and discharge of debts.

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

1

2.     On August 22, 2014, this Court converted the case to one under Chapter 7.  The order evidencing said conversion was entered on August 29, 2014, Dkt. 190.

3.     After the case was converted to Chapter 7, the Trustee was duly appointed as the Chapter 7 Trustee.

4.     This proceeding is an adversary action arising out of the bankruptcy proceeding of Thomas.

5.     This Court jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1334.

6.     This is a core proceeding under 28 U.S.C. § 157 (a), (b)(1), (b)(2)(I), and (b)(2)(O).  Should this Court determine that this is not a core proceeding, Plaintiff consents to the entry of judgment by the U.S. Bankruptcy Court.

7.     This Court has personal jurisdiction over Thomas.

8.     Venue lies in the District of Nevada pursuant to 28 U.S.C. Section 1409(a), as this is a proceeding under the Bankruptcy Code in a bankruptcy pending in the District of Nevada.

## II.  FACTUAL ALLEGATIONS

9.     Thomas retained Plaintiff's former law firm, Treppel McGrane Greenfield LLP, a California limited partnership, ("TMG") on or about August 26, 2010 to perform certain legal services for Thomas pursuant to a Master Agreement for Year 2010 Legal Services (the "Fee Agreement").  The Fee Agreement contains a binding arbitration provision which provides that at the request of either party any dispute arising from, or related to, the Fee Agreement and/or legal representation shall be resolved by final and binding arbitration administered by the American Arbitration Administration  ("AAA").

10.     Plaintiff had no involvement with the representation of Thomas.  The only involvement Plaintiff had with the representation was the filing of TMG's Motion to Withdraw

as counsel of record for Thomas in the matter of *Kenmark Ventures, LLC v. Tony Thomas, et al.*, Santa Clara Superior Court Case No. 1-08-CV-130677 on February 7, 2011. The basis for the Motion to Withdraw was Thomas' payment and performance defaults under the Fee Agreement. The Motion to Withdraw was granted on May 4, 2011.

11.    On February 28, 2012, Thomas initiated an action in the Superior Court of the State of California in and for the County of Santa Clara arising out of the legal representation of Thomas by TMG (the "State Court Action"). The Complaint in the State Court Action alleges causes of action for Breach of Contract, Breach of Fiduciary Duty and Fraud against TMG; Anthony Trepel, individually; and Plaintiff, individually.

12.    As the causes of action alleged in the State Court Action all arise out of, are connected with or related to the Fee Agreement after being served with the Complaint, Plaintiff filed a Petition to Compel Arbitration and Stay Action (the "Arbitration Petition"). On July 3, 2013, the Superior Court of the State of California County of Santa Clara (the "State Court") granted the Arbitration Petition, ordered the case to arbitration and stayed the State Court Action pending completion of the arbitration.

13.    Due to the entry of the Arbitration Order, no answers or other responsive pleadings were filed in the State Court Action.

14.    Thomas and his wife, Wendi Thomas, filed their Chapter 11 Petition on March 4, 2014. The State Court Action is not listed in their Schedules. *See*, Schedules, Dkt. 1, pgs. 34-35.

15.    On March 17, 2014, Plaintiff filed a Motion For Comfort Order That Automatic Stay Not Apply To Litigation Filed By Debtor Anthony Thomas Pre-Petition Or Alternatively For Relief From Stay [California State Court Litigation], Dkt. 13.

16.    Thereafter, Thomas and his wife agreed to Stipulate that the automatic stay did not apply to the State Court Action. *See,* Stipulation For Comfort Order That Automatic Stay

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

3

Does Not Apply To Litigation Filed By Debtor Anthony Thomas Pre-Petition [California State Court Litigation], Dkt. 43 (the "Stipulation").

17.    On April 11, 2014, this Court entered its Order Approving Stipulation For Comfort Order That Automatic Stay Does Not Apply To Litigation Filed By Debtor Anthony Thomas Pre-Petition [California State Court Litigation], Dkt. 45 (the "Comfort Order").

18.    Due to the continuing detriment to Plaintiff caused by the existence of the unresolved State Court Action, and the failure of Thomas to prosecute the State Court Action, on April 28, 2014 Plaintiff initiated the arbitration with AAA ordered by the State Court, *McGrane v. Thomas,* AAA Case No. 01-14-0000-2456.

19.    Counsel for McGrane provided AAA with the following documents in connection with the arbitration in the State Court Action on May 30, 2014:  (i) the Stipulation; (ii) the Comfort Order; and (iii) the Notice of Entry of the Comfort Order, Dkt. 46.

20.    On June 9, 2014, AAA advised the parties that it did "not believe the Comfort Order provides AAA the authority to administer this arbitration as filed" and that AAA would continue to "hold this matter in abeyance and will follow any court order regarding claims against the debtor to be administered in the above captioned arbitration."

21.    Therefore, Plaintiff sought relief from stay from this Court to proceed with the AAA Arbitration of the State Court Action which relief was granted by this Court on August 26, 2014 as evidenced by the Order entered by this Court on August 29, 2014, Dkt. 201.

22.    After the hearing on Plaintiffs' motion for relief from stay on August 26, 2014, this Court converted Thomas and his wife's Chapter 11 proceeding to one under Chapter 7 on August 29, 2014, Dkt. 190.

### III. FIRST CLAIM FOR RELIEF
### For Determination of Nondischargeability
### (Against Defendant Thomas Only)

23.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 22 of this Complaint as though set forth fully herein.

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

4

24.     Plaintiff is informed and believes that he will prevail in the AAA Arbitration Proceeding and the State Court Action and that he has a valid claim against Thomas for Malicious Prosecution (Wrongful Use of Civil Proceedings) in connection with Thomas' filing of the State Court Action against Plaintiff, individually.

25.     Thomas commenced or directed that the State Court Action be brought against Plaintiff, individually, without probable cause.

26.     Thomas willfully and maliciously initiated the State Court Action against Plaintiff, individually, with the intent to cause Plaintiff harm.

27.     No reasonable person in Thomas' circumstances would have believed that there were reasonable grounds to bring the State Court Action against Plaintiff, individually.

28.     Due to the malicious and willful actions of Thomas, Plaintiff has suffered out of pocket loss in the form of attorney fees and costs, as well as emotional distress and injury to reputation because of groundless allegations made in pleadings which are public records and has been compelled to defend against a fabricated claim subjecting him not only to the panoply of psychological pressures most civil defendants suffer, but also the additional stress of attempting to resist a suit commenced out of spite or ill will.

29.     Plaintiff has been damaged by the conduct of Defendant and has been forced to retain counsel to pursue this claim and is entitled to reimbursement of legal fees and costs of court in this proceeding.

30.     Due to the deadline to object to the dischargeability of certain debts (December 8, 2014) it is necessary that this claim be alleged prior to the conclusion of the AAA Arbitration Proceeding.

WHEREFORE, Plaintiff prays for relief as set forth below:

1.     For the preservation of Plaintiff's claim for Malicious Prosecution (Wrongful Use

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

of Civil Proceedings) against Thomas;

2.      For a determination that any judgment entered in any Malicious Prosecution (Wrongful Use of Civil Proceedings) case brought by Plaintiff associated with the AAA Arbitration and/or the State Court Action be deemed nondischargeable pursuant to 11 U.S.C. §523(a)(6);

3.      For reasonable attorneys' fees and costs of suit; and

4.      For such other and further relief as the Court may deem appropriate.

DATED this 2nd day of December, 2014.

                                ROBISON, BELAUSTEGUI, SHARP & LOW
                                A Professional Corporation
                                71 Washington Street
                                Reno, Nevada 89503


                                By:_____/s/ Stefanie T. Sharp_____
                                    Stefanie T. Sharp, Esq.
                                    *Attorneys for William McGrane*