MICHAEL LEHNERS, ESQ.

429 Marsh Ave.

Reno, Nevada 89509

Nevada Bar Number 003331

(775) 786-1695

email michaellehners@yahoo.com

Attorney for Debtor/Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

oOo

IN RE

ANTHONY THOMAS and WENDI THOMAS,

Debtor(s).

_____/

WILLIAM McGRANE

Plaintiff

vs.

ANTHONY THOMAS

Defendant

_____/

BK-N- 14-50333-BTB

CHAPTER 7

[Lead Case Jointly Administered]

Adv. No. 14-5068

Hearing Date: _____

and Time: _____

Mtn No.

MOTION TO DISMISS

COMES NOW Defendant, Anthony Thomas, by and through undersigned counsel and files the following Motion to Dismiss. This motion is made and based upon the pleadings on file herein and the Memorandum of Points and Authorities attached hereto.

MEMORANDUM OF POINTS AND AUTHORITIES

The complaint alleges that the Defendant retained Plaintiffs former law firm, Treppel McGrane Greenfield LLP ("the Firm"). The firm is a California Limited Partnership. The Plaintiff alleges that he had no

1

involvement with the representation of the Defendant. His only involvement had to do with filing the Firm's Motion to Withdraw as counsel of record for the Defendant in the matter of *Kenmark Ventures, LLC v. Tony Thomas, et al.,* Santa Clara Superior Court Case No. 1-08-CV-130677.

On February 28, 2012, the Defendant sued the Plaintiff and the Firm in state court ("State Court Action"). The Defendant's state court complaint alleged causes of action for Breach of Contract, Breach of Fiduciary Duty and Fraud against the firm and the Plaintiff in an individual capacity.

The Plaintiff alleges that the Defendant commenced the State Court Action be brought against Plaintiff, individually, without probable cause. Thomas willfully and maliciously initiated the State Court Action against Plaintiff, individually, with the intent to cause Plaintiff harm. Specifically, no reasonable person in the Defendant's circumstances would have believed that there were reasonable grounds to bring the State Court Action against Plaintiff, individually. The complaint seeks to have this claim declared nondischargeable under 11 U.S.C. §523(a)(6). The State Court Action is currently in arbitration. There has been no final resolution of the State Court Action at this time.

## Argument

The complaint must be dismissed as it fails to state a claim upon which relief can be granted.

First, the Complaint alleges that Plaintiff had nothing to do with representing the Defendant other than filing a motion to withdraw for the Firm. The Defendant sued the Plaintiff for taking a $150,000.00

2

retainer and doing virtually nothing. A copy of the State Court Action's complaint is attached hereto as Exhibit "1"[1].

Under California law, Plaintiff has not set forth a claim as the State Court Action is pending.

Malicious prosecution is a disfavored action. This is due to the principles that favor open access to the courts for the redress of grievances. *Daniels v. Robbins*, 182 Cal.App.4th 204 (Cal. App. 2010). Three elements must be pleaded and proved to establish the tort of malicious prosecution: (1) A lawsuit was commenced by or at the direction of the defendant which was pursued to a legal termination in the plaintiff's favor; (2) the prior lawsuit was brought without probable cause; and (3) the prior lawsuit was initiated with malice. Id. Here there has not been a termination in Plaintiff's favor.

Abuse of process has two elements. First, there must be an ulterior purpose. Second, there must be a willful act in the use of the process <u>not proper in the regular conduct of the proceeding</u>. *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.* 42 Cal.3d 1157 (Calif. S.Ct. 1987). Here Defendant has done nothing other than filing and maintaining the suit. "*The relevant California authorities establish, however, that while a defendant's act of improperly instituting or maintaining an action may, in an appropriate case, give rise to a cause of action for malicious prosecution, the mere filing or maintenance of a lawsuit—even for an improper purpose—is not a proper basis for an abuse of process action.*" Id at 1209.

---

[1]  As a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, it may take judicial notice of matters of public record and may consider them without converting a Rule 12 motion into one for summary judgment. *U.S. v. 14.02 Acres of Land More or Less in Fresno County*, 547 F.3d 943, 955 (9th Cir.2008)

Property rights in bankruptcy are defined by state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Since the Plaintiff could never recover upon a malicious prosecution or abuse of process action in California, he cannot use this Court to give him rights he does not have under state law. For that reason, the complaint must be dismissed.

Dated: This ___ day of _December_____, 2014

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

4

Exhibit 1

Exhibit 1

1    MICHAEL T. MORRISSEY, CSBN: 062195
     LAW OFFICES OF MICHAEL T. MORRISSEY
2    P.O. Box 2549
     Cupertino, CA 95015-2549
3    (408) 872-1850
     (408) 741-1671- Facsimile
4
     ROBERT A. MACHADO, CSBN: 088836
5    MACHADO & MACHADO
     1110 North First Street
6    San Jose, CA 95112
     (408) 280-7011
7    (408) 280-7313 – Facsimile

8    Attorneys for Plaintiff ANTHONY G. THOMAS

FILED  Santa Clara
02/28/12   2:23p
David H. Yamasaki
Chief Executive Office
By: shannon OTHCO1429
R#2012000209559
FF                    $395.00
TL                    $95.00
Case: 1-12-CV-219586

9

10           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11             IN AND FOR THE COUNTY OF SANTA CLARA

12   ANTHONY G. THOMAS,         )   Case No.: 1 2 C V 2 1 9 5 8 6

13           Plaintiff,      )   **COMPLAINT FOR DAMAGES: BREACH OF CONTRACT; BREACH OF FIDUCIARY DUTY; FRAUD**

14      vs.             )

15   TREPEL MCGRANE GREENFIELD LLP;  )

16   ANTHONY TREPEL, an individual;    )
     WILLIAM McGRANE, an individual; and  )

17   DOES 1 through 100, inclusive,     )

18           Defendants.     )

19

20       COMES NOW the Plaintiff, ANTHONY G. THOMAS, to allege as follows:

21       1.    Plaintiff ANTHONY G. THOMAS (aka Tony Thomas) is, and at all times herein

22   mentioned was, a resident of Santa Clara County, California.

23

24       2.    Plaintiff is informed and believes and based thereon alleges that Defendant

25   TREPEL McGRANE GREENFILED LLP (hereinafter "TMG") is a business organization with

26   its principle place of business in Santa Clara County, California.

27

28

COMPLAINT FOR DAMAGES         -1-
THOMAS v. MCGRANE TREPEL GREENFIELD

3.    Plaintiff is informed and believes and based on such information and belief alleges that defendant WILLIAM McGRANE (hereinafter "McGRANE") is a resident of San Francisco County, California.

4.    Plaintiff is informed and believes and based on such information and belief alleges that defendant ANTHONY TREPEL (hereinafter "TREPEL") is a resident of Santa Clara County, California.

5.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 100 and therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible for the actions and damages complained of herein and that they are respectively the agents, principles, servants, masters, partners, co-conspirators and or joint venturers of and with their co-defendants.

## FIRST CAUSE OF ACTION
### (BREACH OF CONTRACT – Defendant TMG only)

6.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this complaint as though fully set forth herein.

7.    On or about August 26, 2010, the Plaintiff engaged the services of defendant TMG pursuant to a written agreement entitled Master Agreement for Year 2010 Legal Services, a true and correct copy of which is attached hereto designated Exhibit "A" and by this reference made a part hereof.

8.    One of the terms of the written contract was unclear and not in conformance with the actual agreement entered into between the parties so the letter enclosing the contract was modified to provide that the fee of One Hundred Fifty Thousand Dollars ($150,000.00) mentioned in the contract was agreed to be the entire fee that TMG would earn in the matter.

COMPLAINT FOR DAMAGES                                -2-
THOMAS v. MCGRANE TREPEL GREENFIELD

9. Thereafter, TMG did virtually no work in pursuit of the Plaintiff's case and in February 2011 breached the contract by falsely billing against it, taking excessive monies out of its trust account and later by demanding more fees. The breach of this contract constituted a breach of the original contract, as well as the contract as modified.

10. As a result of the breach of the original contract and the contract as modified, the Plaintiff has been damaged in the amount of the payments made to Defendant TMG in the amount of One Hundred Fifty Thousand Dollars ($150,000.00).

11. The contract provides that if any action is required to enforce the terms of the contract the prevailing party shall be entitled to their reasonable attorney fees.

WHEREFORE, Plaintiff prays for judgment against defendant as set forth below.

### SECOND CAUSE OF ACTION
### (BREACH OF FIDUCIARY DUTY –All Defendants)

12. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this complaint as though fully set forth herein.

13. At all times herein mentioned the individual defendants, TREPEL and McGRANE owed the Plaintiff a fiduciary duty which prevented them from dealing unfairly with the Plaintiff and required them to render true and accurate time records.

14. The defendants breached this duty by falsely claiming fees for time not worked, inflating fees and ultimately abandoning the Plaintiff by moving to withdraw forcing the Plaintiff to hire a new lawyer thereby wasting all time legitimately spent on his file.

15. As a result of the breach of fiduciary duty the Plaintiff has been damaged in an amount as yet unascertained but in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

COMPLAINT FOR DAMAGES                    -3-
THOMAS v. MCGRANE TREPEL GREENFIELD

16.    The conduct of all of the Defendants was malicious, oppressive and fraudulent entitling the Plaintiff to punitive damages according to proof.

WHEREFORE, Plaintiff prays for judgment against defendant as set forth below.

### THIRD CAUSE OF ACTION
### (FRAUD – All Defendants)

17.    Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs of this complaint as though fully set forth herein.

18.    At the time the Plaintiff and Defendant entered into the contract for legal services Defendant TREPEL represented to Plaintiff that he would not be billed more than One Hundred Fifty Thousand Dollars ($150,000.00) for the Defendants' services related to the litigation entitled Kenmark Ventures v. Thomas, et al.  TREPEL further represented that One Hundred Fifty Thousand Dollars ($150,000.00) would be the maximum fee charged by Defendant TMG.

19.    At the time of making the representation it was false and the true facts were that the Defendants had intended to charge the Plaintiff much more than One Hundred Fifty Thousand Dollars ($150,000.00).

20.    The Plaintiff reasonably and justifiably relied on the representation of TREPEL and entered into the Master Agreement for Year 2010 Legal Services (Ex. "A") contract based on his representations.

21.    Had Plaintiff known the true facts he would not have contracted with Defendant TMG.  As a result of the fraudulent misrepresentations the Plaintiff has been damaged generally and specifically in an amount as yet unascertained but in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

22.    The conduct of all of the Defendants was malicious, oppressive and fraudulent entitling the Plaintiff to punitive damages according to proof.

WHEREFORE Plaintiff prays judgment as follows:

1. For special damages according to proof and as alleged in the body of the complaint;

2. For general damages according to proof and as alleged in the body of the complaint;

3. For interest on said sums;

4. For reasonable attorney fees;

5. For costs of suit herein incurred; and

6. For such other and further relief as the court deems proper.

DATED: _February 20, 2012                    Respectfully submitted,


MICHAEL T. MORRISSEY
Attorney for Plaintiff ANTHONY G. THOMAS

COMPLAINT FOR DAMAGES                    -5-
THOMAS v. MCGRANE TREPEL GREENFIELD